```
                                                    ___ FILED      ___ ENTERED
                                                    ___ LODGED     ___ RECEIVED

                                                         JUN 15 2015   ST
                                                         AT SEATTLE
                                                    CLERK U.S. DISTRICT COURT
                                                  BY WESTERN DISTRICT OF WASHINGTON
                                                                        DEPUTY
```

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEROME MANNING,<br><br>    Plaintiff,<br><br>vs.<br><br>SWEDISH MEDICAL CENTER,<br>a Washington Healthcare Organization,<br>PROVIDENCE HEALTH&SERVICES,<br>an Affiliate of Swedish Medical Center,<br>SEIU1199NW,<br>a Washington State Union Organization,<br>ADAM MESSER, individually,<br>STEVE MARSHALL, individually,<br>DONNA MOBERLY, individually,<br>TRISH GALLAGHER, individually,<br>RIAN BROWN, individually,<br>and MARGARET CARY, individually,<br><br>    Defendant. | Case No.:<br><br>**15-CV-949 RSL**<br><br>COMPLAINT FOR DAMAGE<br>AND<br>DEMAND FOR JURY TRIAL |

**I.    PARTIES TO THIS COMPLAINT:**

COMPLAINT FOR DAMAGE
AND
DEMAND FOR JURY TRIAL - 1

1.1 Jerome Manning, 2616 S 224th Street Apt E306 Des Moines, WA 98198, (206) 778-7239

1.2 Swedish Medical Center, 747 Broadway Seattle, WA 98122, (206) 386-6000

1.3 Providence Health & Services, 1801 Lind Avenue SW Renton, WA 98057, (425) 525-3355

1.4 SEIU 1199NW, 15 S Grady Way Suite 200 Renton, WA 98057, (425)917-1199

1.5 Adam Messer, C/O Temple University Health System, 3401 N Broad St Philadelphia, PA, (215) 707-1800

1.6 Steve Marshall, C/O Swedish Medical Center, 747 Broadway Seattle, WA 98122, (206) 386-6000

1.7 Donna Moberly, C/O Seattle Children's Hospital, 4800 Sand Point Way Seattle, WA, (206) 987-2000

1.8 Trish Gallagher, C/O Swedish Medical Center, 747 Broadway Seattle, WA 98122, (206) 386-6000

1.9 Rian Brown, C/O Providence Health&Services, 1801 Lind Avenue SW Renton, WA 98057, (425) 525-3355

1.10 Margaret Cary, C/O SEIU 1199NW, 15 S Grady Way Suite 200 Renton, WA 98057, (425) 917-1199

## II. JURISDICTION

2.1 The Jurisdiction of the Court is invoked pursuant to Title VII of the Civil Rights Act. The Jurisdiction of the Court is also invoked based on diversity of the defendant, Rian Brown, employee of Providence Health&Services based in Portland, Oregon, Adam Messer working and living in Pennsylvania and that the damages, exclusive of interest and cost, are in excess of fifty thousand dollars. The unlawful employment practices alleged herein were committed in whole in the Western District of Washington.

COMPLAINT FOR DAMAGE
AND
DEMAND FOR JURY TRIAL - 2

III.   STATEMENT OF CLAIM

Facts about the Defendant

3.1   Defendant, Swedish Medical Center ("SMC") has a Material Distribution Department. Employees who work in this department have the job position of Material Distribution Technician ("MDT").

3.2   MDTs are covered under the Collective Bargaining Agreement ("CBA"), Service Unit Agreement with SEIU 1199NW ("SEIU").

3.3   In June of 2011, SMC and SEIU agreed that all nine of the MDTs in the Surgical Department at the First Hill Campus would be reassigned to its Central Service Department, effective January 1, 2013 to work as Sterile Processing Technicians ("SPTs") as part of the Department Restructure. In order to meet the qualifications of an SPT, the nine MDTs would be required to obtain a Sterile Processing Certification by no later than December 31, 2012.

3.4   During the Department Restructure that began sometime in June 2012, SMC and SEIU provided some tutorial to aid the MDTs for the Sterile Processing Certification Test.

3.5   Swedish and SEIU agreed that if an MDT did not obtain the Sterile Processing Certification, for whatever reason, the individual would either be laid off with severance benefits or given preference for another open position in the medical center for which he or she was qualified as outlined in the CBA Article 10.

3.6   As of March 5, 2013 there were 564 open positions among Swedish Edmonds, Swedish Medical Center and Swedish Medical Group with an average days open of 42.33 days, these positions have been open since on or about December 25, 2012.

Facts about the Plaintiff

3.7   I, Jerome Manning an African American, was hired as a full time MDT in the Surgical Department at SMC's First Hill Campus in February 2008 working the third (night) shift beginning Sunday Night and ending Friday Morning.

COMPLAINT FOR DAMAGE
AND
DEMAND FOR JURY TRIAL - 3

3.8     Prior to working at SMC, I had an extensive twenty plus years work history in Central Processing and Material Distribution at several Greater Seattle Area Hospitals.

3.9     In June 2012, I suffered an on the job injury. I was on disability leave and was later assigned to a light duty working in the front desk of the INN at SMC's Cherry Hill Campus.

3.10    I returned to my home department of Material Distribution at the First Hill Campus on or about October of 2012.

3.11    In order to abide to the new Certification requirement of the Department, on short notice, I took the Sterile Processing Certification test without any help and/or tutorial that was previously offered by SMC and SEIU. Unfortunately, I failed the Certification Test.

3.12    As of January 1, 2013 I was considered a displaced employee due to lack of the Sterile Processing Certification. I began the redeployment process immediately. I applied for several MDT open positions. I was interviewed by a panel, one of which was Steve Marshall, as the Department's Manager.

3.13    I filed a Grievance with SEIU for violation of Article 10, redeployment process, on January 31, 2013.

3.14    On March 1, 2013 after several inquiries SMC's Employment Mobility Specialist relayed to me the interview panel's decision to decline my candidacy for any of the vacant positions.

3.16    On May 21, 2013 despite the clear violation of the CBA stipulated grievance procedure time limitations, a Step 2 grievance meeting was held.

3.17    On June 12, 2013 SMC's Director of Material Distribution Department, Adam Messer, offered a job position that fell short of contractual obligations.

3.18    On June 24, 2013 I filed an in person charges against SMC with EEOC, Charge no. 551-2013-01381. I also filed charges against SMC with NLRB, Charge no. #19-CA-108097 and SEIU Charge No. #19-CB-108101.

COMPLAINT FOR DAMAGE
AND
DEMAND FOR JURY TRIAL - 4

3.19     Sometime in July of 2013 a Material Distribution Department roster was posted listing all SMC Material Distribution employees (minus agency contracted workers). The four open positions when I was interviewed were filled with four new employees.

3.20     On July 10, 2013 SMC's Human Resources Manager, Donna Moberly, offered a job position contingent upon "withdrawal of the NLRB charge and withdrawal of EEOC charge". This second offer as is with the first offer also fell short of contractual obligations.

3.21     On July 25, 2013 SMC's Human Resources Interim Director, Rian Brown offered a position that satisfied the contractual obligations.

3.22     On July 29, 2013 Rian Brown, SMC Interim Director, responded and obligated in writing to my clarification of the offered shift. Rian Brown has stated that the shift being offered would be a M-F shift with my Night shift beginning Sunday Night and ending Friday Morning with no mention of any weekend shift as my shift was during my employment prior to displacement.

3.23     On August 1, 2013 SMC issued my back wages constituted of 15 different paychecks. The agreement documents have not been signed as the PTO and sick leave accrual has not been adjusted.

3.24     On August 8, 2013 I return to the agreed work schedule of Monday-Friday with my night shift beginning on Sunday Night and ending Friday Morning.

3.25     On August 13, 2013 while at work, I was presented with and was asked to sign a "confidential" and modified agreement including rotating weekend shift. I refused. As of August 13, 2013, there was no official agreement signed.

3.26     On September 12, 2013, SEIU reiterated its position that Monday-Friday was the agreement. SEIU also declared its stance on the retaliation that has taken place against me.

3.27     On September 19, 2013, I was placed on Paid Administrative Leave awaiting resolution of the Monday-Friday shift dispute.

3.28     On October 01, 2013, Steve Marshall, Department Manager, informed all staff via email of the "opportunity to bring additional staff onto our team".

COMPLAINT FOR DAMAGE
AND
DEMAND FOR JURY TRIAL - 5

3.29   On November 20, 2013 SEIU informed me that we are moving the grievance filed on January 31, 2013 to arbitration due to ongoing dispute regarding the "unsigned" July 29, 2013 agreement. SEIU indicated that "the Union has agreed to a December date, but the Employer was not available". SEIU also informed me of "The Employer wants to have you return to work on or about December 1. The Employer is saying you would have to work weekends, the same as other employees in the department."

3.30   On November 25, 2013 SMC's Human Resource Director, Rian Brown, issued a return to work letter, ending my Paid Administrative Leave citing "staffing shortage" effective December 2, 2013.

3.31   Between November 25, 2013 and December 6, 2013 I communicated with both SEIU and SMC about my concern of prematurely returning to work ahead of arbitration.

3.32   On December 6, 2013 SMC's Department Manager, Steve Marshall, issued me a NO CALL/NO SHOW/Resignation letter signed by Trish Gallagher of SMC's Human Resources. The letter directed to contact Steve Marshall by December 13, 2013 for "compelling reasons for this conduct".

3.33   On December 9, 2013, I physically went to SMC's Material Distribution Department, office of Steve Marshall to speak and get in contact with Steve Marshall. Steve Marshall refused to speak to me.

3.34   On December 10, 2013, I contacted by calling the phone number listed on the December 6, 2013 No Call/No Show letter and emailing Steve Marshall regarding the December 6, 2013 No call/No show/Resignation letter.

3.35   On December 17, 2013 with significant departure from SMC's dependability policy, SMC's Department Manager, Steve Marshall, issued a NO Call/NO show Termination Letter, signed by Trish Gallagher of SMC's Human Resources Department.

### IV.   PROCEDURAL REQUIREMENT

4.1   I, the plaintiff Jerome Manning, have satisfied all procedural requirements prior to commencing this action. EEOC has issued the right to sue letter received on March 19, 2015.

COMPLAINT FOR DAMAGE
AND
DEMAND FOR JURY TRIAL - 6

V.  CAUSES OF ACTION

5.1  The Facts set forth above state a claim against Swedish Medical Center and Providence Health&Services for intentional discrimination against the plaintiff, Jerome Manning, in violation of the Title VII of the Civil Rights Act for harassment, disparate treatment, wrongful termination and retaliation.

5.2  The Facts set forth above state a claim against SEIU 1199NW for negligent misrepresentation of the Contract Bargaining Agreement.

5.3  The Facts set forth above state a claim against Adam Messer for intentional discrimination against the plaintiff, Jerome Manning, in violation of the Title VII of the Civil Rights Act for harassment, disparate treatment, wrongful termination and retaliation.

5.4  The facts set forth above state a claim against Steve Marshall for intentional discrimination against the plaintiff, Jerome Manning, in violation of the Title VII of the Civil Rights Act for harassment, disparate treatment, wrongful termination and retaliation.

5.5  The facts set forth above state a claim against Donna Moberly for aiding, abetting, encouraging, or inciting Swedish Medical Center for intentional discrimination against the plaintiff, Jerome Manning, in violation of the Title VII of the Civil Rights Act for harassment, disparate treatment, wrongful termination and retaliation.

5.6  The facts set forth above state a claim against Trish Gallagher for aiding, abetting, encouraging, or inciting Swedish Medical Center for intentional discrimination against the plaintiff, Jerome Manning, in violation of the Title VII of the Civil Rights Act for harassment, disparate treatment, wrongful termination and retaliation.

5.7  The facts set forth above state a claim against Rian Brown for intentional discrimination against the plaintiff, Jerome Manning, in violation of the Title VII of the Civil Rights Act for harassment, disparate treatment, wrongful termination and retaliation.

5.8  The facts set forth above state a claim against Margaret Cary for intentional discrimination against the plaintiff, Jerome Manning, in violation of the Title VII of the Civil Rights Act for harassment, disparate treatment, wrongful termination and retaliation.

5.9  In alternative, the facts set forth above state a claim against Margaret Cary for aiding, abetting, encouraging, or inciting Swedish Medical Center and SEIU 1199NW for intentional discrimination against the plaintiff, Jerome Manning, in violation of the Title VII of the Civil Rights Act for harassment, disparate treatment, wrongful termination and retaliation.

## VI. PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for relief as follows:

6.1  Damages for back pay, front pay, lost benefits in an amount to be proved at trial;

6.2  Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, injury to reputation, and humiliation.

6.3  Prejudgment interest in an amount to be proved at trial;

6.4  Reasonable attorney's fees and costs;

6.5  A permanent injunction for plaintiff;

6.6  Declaratory relief for plaintiff;

6.7  Compensation for the tax penalty associated with any recovery; and

6.8  Whatever further and additional relief the court shall deem just and equitable.

## VII. DEMAND FOR JURY

7.1  Plaintiff hereby demands that this case be tried before a jury on all claims stated herein.

Respectfully submitted this 15th day of June, 2015.

JEROME MANNING
2616 S 224th ST
APT E306
DES MOINES, WA 98198
(206) 778-7239

By: _____
Jerome Manning, Plaintiff, Pro Se

COMPLAINT FOR DAMAGE
AND
DEMAND FOR JURY TRIAL - 8