UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME MANNING,<br><br>    Plaintiff,<br><br>    v.<br><br>SWEDISH MEDICAL CENTER, *et al.*,<br><br>    Defendants. | Case No. C15-949RSL<br><br>ORDER DISMISSING DEFENDANTS |

Before the Court is plaintiff's Complaint. Dkt. # 4. Plaintiff brings this action pro se and in forma pauperis. Having screened the Complaint pursuant to 28 U.S.C. § 1915(e), the Court finds as follows.

## I. BACKGROUND

Plaintiff, an African-American, was hired by defendant Swedish Medical Center ("SMC") as a Material Distribution Technician ("MDT") in 2008 and was terminated by SMC in December 2013. Dkt. # 4 (Compl.) ¶¶ 3.7, 3.35. Plaintiff brings this action against SMC, Providence Health & Services ("Providence"), and multiple SMC employees; plaintiff alleges that these defendants intentionally discriminated against him within the meaning of Title VII of the Civil Rights Act, subjecting him to harassment, disparate treatment, wrongful termination and retaliation. Id. ¶¶ 5.1-5.9. Plaintiff additionally brings this action against his union, SEIU

ORDER DISMISSING DEFENDANTS - 1

1199NW ("SEIU"), claiming that the union is liable to plaintiff for "negligent misrepresentation of the Contract Bargaining Agreement." Id. ¶¶ 5.2.  Plaintiff's claim appears to be that the union misled plaintiff with respect to the terms of its bargaining agreement with SMC.

## II.  LEGAL STANDARD

Once a complaint is filed in forma pauperis, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted," 28 U.S.C. § 1915(e)(2)(b)(ii); see Talley v. Jackson, 2015 WL 3796339, at *1 (W.D. Wash. June 18, 2015) (citations omitted).  The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) parallels that used when ruling on whether to dismiss an action under Fed. R. Civ. P. 12(b)(6).  The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009); see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (factual allegations must be "enough to raise a right to relief above the speculative level.").  The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. Zixiang v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds pro se plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a pro se complaint in the light most favorable to the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation omitted).  Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." Lopez v. Smith, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc).  When dismissing a complaint under § 1915(e), the Court gives pro se plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

ORDER DISMISSING DEFENDANTS - 2

## III.  DISCUSSION

The Complaint fails to allege facts supporting plaintiff's claims against Providence. While the Complaint identifies Providence as an affiliate of SMC, and identifies defendant Rian Brown as a current Providence employee, Dkt. # 4 (Compl.) ¶¶ 1.9, 2.1, the Complaint indicates that Brown undertook his alleged harmful conduct in July 2013 while he was Interim Human Resources Director for SMC, id. ¶¶ 3.21-3.22; the Complaint does not state that Brown was working for Providence at this time.  The Complaint does not articulate how Providence (or any Providence employee) specifically harmed plaintiff.  Furthermore, plaintiff fails to assert any facts supporting his claim that SEIU "negligently misrepresented" the terms of the bargaining agreement between SEIU and SMC.

Finally, plaintiff cannot sue the individual defendants in this case under Title VII.  See Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee."); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993), cert. denied, 510 U.S. 1049 (1994).  It follows that plaintiff's Title VII claims against defendants Messer, Marshall, Moberly, Gallagher, Brown and Cary must be dismissed.

ORDER DISMISSING DEFENDANTS - 3

## IV.  CONCLUSION

For all of the foregoing reasons, defendants Providence, SEIU, Messer, Marshall, Moberly, Gallagher, Brown and Cary are DISMISSED under 28 U.S.C. § 1915(e) due to plaintiff's failure to state a claim against them.  Plaintiff's claims against SMC may go forward, and the Clerk of Court is directed to issue summons as to this defendant.  As plaintiff's case against SMC is ongoing, plaintiff may move if he so chooses under Federal Rule of Civil Procedure 15(a) to amend the Complaint to state valid claims against the dismissed defendants and correct the deficiencies identified in this Order.  Pursuant to Local Civil Rule 15, plaintiff must attach a copy of the proposed amended complaint as an exhibit to this motion to amend, and must indicate how it differs from the current Complaint.

DATED this 9th day of July, 2015.

Robert S. Lasnik
United States District Judge

ORDER DISMISSING DEFENDANTS - 4